UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"IN ADMIRALTY"

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>-against-<br><br>SS NOBSKA its engines, boilers, lockers, cables, chains, tackle, fittings and spare parts, apparel, outfit, tools and other equipment, and all other appurtenances, etc., *in rem*,<br>Defendant. | Civil Action No. 05 10507 NG<br><br><br><u>**ANSWER**</u> |

THE NEW ENGLAND STEAMSHIP FOUNDATION, (Hereinafter "Foundation") Claimant of the In Rem Defendant, by its attorneys Little Medeiros Kinder Bulman & Whitney P.C., as and for its answer to the Complaint of the United States, states as follows:

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint except admits that the SS Nobska is within this District.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits that the United States of America is a sovereign nation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that a document

that purports to be the affidavit of David Brouilette was annexed to the Complaint served on the Foundation.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint except admits that there is a lease agreement between the parties concerning the property at issue, that such lease was in effect until at least June 17, 2001, and that the lease in question contained a provision which required the removal of "all items" within sixty days of termination or expiration of the lease.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that the Foundation received a letter dated May 22, 2001 from the United States Department of the Interior which stated, *inter alia*, "the required removal date is August 16, 2001."

7. Denies the allegations contained in paragraph 7, except admits that the Foundation received a letter dated August 4, 2003 from the United States Department of the Interior which stated, *inter alia*, that an impoundment and storage fee would be assessed.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, except admits that certain invoices have been received by the Foundation.

9. Denies the allegations contained in paragraph 9 of the Complaint except admits that the SS Nobska is not currently entirely restored and therefore remains in dry dock without a crew.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint

15. Denies the allegations contained in paragraph 15 of the Complaint, to wit:

    a. Denies that a maritime contract or lien exists.

    b. Denies that any tort has been committed or that such a tort would give rise to a maritime lien.

16. Admits that a maritime lien may be created by statute in certain circumstances, but denies that the United States holds a valid maritime lien on the SS NOBSKA.

17. Paragraphs 1 through 12, beginning of page 6 of the Complaint and labeled "Prayer for Relief", contain requests addressed to the Court rather than any allegations, and therefore no response is required of the Foundation. To the extent that paragraphs 1 through 12 of the Complaint labeled "prayer for relief" may be deemed to contain any allegations, the Foundation denies such allegations.

18. All allegations not heretofore specifically admitted are denied

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The claims in the Complaint are barred by the doctrine of laches.

3. This Court lacks subject matter jurisdiction.

4. This Court lacks admiralty jurisdiction because the SS Nobska is not located in or upon navigable waters.

5. This Court lacks admiralty jurisdiction because, pursuant to the dead ship doctrine, the SS Nobska is not a vessel for purposes of admiralty jurisdiction.

6. The plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

7. The plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the complaint.

8. The plaintiff has failed to mitigate its damages.

9. The plaintiff's claims are barred by the doctrines of waiver and estoppel.

10. The plaintiff's contract claim fails due to lack of consideration.

11. The plaintiff's contract claim fails because the plaintiff repudiated any alleged contract, thereby excusing performance.

12. The plaintiff's contract claim fails due to a failure to comply with contractual prerequisites

13. The Foundation reserves its right to amend this answer if and once additional information is obtained through discovery.

**WHEREFORE,** the Foundation respectfully prays that the plaintiff's Complaint be dismissed and at plaintiff's cost and that the Foundation be awarded all general and equitable relief which the Court deems appropriate.

Dated:   Providence, Rhode Island
         April 13, 2005

                        Respectfully submitted,

                        LITTLE MEDEIROS KINDER
                         BULMAN & WHITNEY PC
                        Attorneys for Owners of the SS NOBSKA

By: _____
       Joseph P. Quinn (BBO 652637)
       72 Pine Street
       Providence, RI 02903
       Tel. (401) 272-8080
       Fax. (401) 521-3555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _13th_ day of April, 2005, a copy of the foregoing Answer was forwarded regular mail, postage prepaid to the following:

TO:    Anita Johnson, Esq.
          Assistant United States Attorney
          John Joseph Moakley United States Courthouse
          1 Courthouse Way, Suite 9200
          Boston, MA 02210

          Michael A. DiLauro, Esq.
          U.S. Department of Justice
          Post Office Box 14271
          Washington, D.C. 20044-4271

_/s/ Wendy R. Novak_