UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"IN ADMIRALTY"

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-10507 NG |
| | ) | |
| v. | ) | |
| | ) | |
| SS NOBSKA its engines, boilers, | ) | |
| lockers, cables, chains, tackle, fittings | ) | |
| and spare parts, apparel, outfit, tools | ) | |
| and other equipment, and all other | ) | |
| appurtenances, etc., in rem, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR ENTRY OF DEFAULT**

This action was filed by the United States against the defendant, SS

NOBSKA, in rem (the "Vessel"), for the purpose of removing it from Dry Dock

No. 1, Boston Historical Park, thus restoring the dry dock to its intended use.

As set forth more fully in the "Declaration of Michael A. DiLauro In

Support Of Application For Rule 55(a) Entry Of Default," filed herewith, the

United States Marshal of this District arrested the Vessel on or about April 1,

2005, pursuant to process issued by this Court. "Notice of Arrest of Vessel" was

duly published in the Boston Herald on April 15, 17, and 18, 2005, and in The

Boston Globe on April 16, 17 and 18, 2005. These notices, as well as the Warrant of Arrest, required that any person having a claim against the vessel file that claim with the Court not later than ten (10) days after publication of the Notice.

The deadlines for filing the foregoing have expired and no person or entity has filed the said documents, both of which are mandatory requirements under Supplemental Admiralty Rule C(6) of the Federal Rules of Civil Procedure. In addition, no person or entity with claims of maritime liens or other non-possessory or non-ownership interests against the Vessel, if any there be, were required to intervene in this action.

Therefore, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, plaintiff applies for entry of default against all persons or entities with claims of maritime liens or other non-possessory or non-ownership interests against the defendant Vessel, if any there be, who have failed to intervene in this action.

## CONCLUSION

For the foregoing reasons the United States requests the Clerk of the Court to Enter Default in accordance with the proposed "Entry of Default" filed herewith.

Dated: May 20th , 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

MICHAEL J. SULLIVAN
United States Attorney

ANITA JOHNSON
Assistant U.S. Attorney


_____
MICHAEL A. DILAURO, Trial Attorney
U.S. Department of Justice
Post Office Box 14271
Washington, D.C. 20044-4271
Tel. (202) 616-4019
Fax (202) 616-4159
Counsel for the United States


OF COUNSEL:

Anthony R. Conte, Esq.
Regional Solicitor
U.S. Department of the Interior
Office of the Solicitor
One Gateway Center, Suite 612
Newton, MA 02458-2802

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May, 2005, a copy of the

foregoing was forward via FedEx to the following:

Joseph P. Quinn, Esq.
Little Medeiros Kinder Bulman & Whitney PC
72 Pine St.
Providence, RI 02903
Tel. (401) 272-8080


_____
MICHAEL A. DILAURO, Trial Attorney