UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"IN ADMIRALTY"

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SS NOBSKA its engines, boilers, | ) | Civil Action No. 05-10507-NG |
| lockers, cables, chains, tackle, fittings | ) | |
| and spare parts, apparel, outfit, tools | ) | |
| and other equipment, and all other | ) | |
| appurtenances, etc., *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION AND ORDER OF VOLUNTARY DISMISSAL

A settlement agreement having been reached, it is hereby stipulated and agreed that this

action is voluntarily dismissed as to all parties pursuant to Rule 41(a)(l)(ii) Federal Rules of

Civil Procedure, with prejudice but without costs as to any party. Exhibits A and B memorialize

the agreement reached between the parties in this matter.

Dated: November 3, 2005

The Plaintiff,
THE UNITED STATES OF AMERICA

By: _Christine L Pecora Luster_
Christine L. Pecora-Luster, Esq.
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 14271
Washington, D.C. 20044-4271
(202) 616-4019

The Defendant,
SS NOBSKA, *in rem*, and the
New England Steamship Foundation,
*in personam*

By: _John Bulman_
John Bulman, Esq.
Little Medeiros Kinder Bulman &
Witney PC
72 Pine St.
Providence, RI 02903
(401) 272-8080

SO ORDERED:

_____

Nancy Gertner
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

"IN ADMIRALTY"

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SS NOBSKA its engines, boilers, | ) | Civil Action No. 05-10507-NG |
| lockers, cables, chains, tackle, fittings | ) | |
| and spare parts, apparel, outfit, tools | ) | |
| and other equipment, and all other | ) | |
| appurtenances, etc., *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATION OF COMPROMISE SETTLEMENT AND RELEASE, AND DISCHARGE OF MARITIME LIEN PURSUANT TO 46 U.S.C. §31343(c)

IT IS HEREBY STIPULATED AND AGREED TO by and between Plaintiff

UNITED STATES OF AMERICA, Defendants SS NOBSKA, *in rem*, and the New

England Steamship Foundation, *in personam*, by and through undersigned counsel, as

follows:

1.     United States of America, including its past and present agents, employees,

divisions, departments or agencies, including but not limited to the United States Park

Service and the U.S. Department of the Interior, agree to settle and compromise any and

all claims of any nature whatsoever it has, or may have, directly or indirectly, against the

SS NOBSKA, *in rem*, and the New England Steamship Foundation, *in personam*, as well

as any of its past or present officers, directors, agents, members, and/or employees,

arising from, or related to, the impoundment, storage and demurrage fees and related

expenses arising from, or related to, the storage of the SS NOBSKA in the dry dock from,

on or about June 17, 1996 to the present, at the Charleston Navy Yard which is owned

and maintained by the National Park Service.  This full and final settlement is upon the

terms indicated below.

       2.      Defendant, the New England Steamship Foundation, owner of SS

NOBSKA, will transfer all interest it may have in the vessel to the United States by

execution of a Bill of Sale of the vessel SS NOBSKA, to the Plaintiff, National Park

Service, on behalf of the United States of America, which shall be in full settlement and

satisfaction of any and all claims which Plaintiff and its assigns may have or acquire

against the SS NOBSKA and the New England Steamship Foundation or its past or

present officers, directors, agents, members, and/or employees arising from, or related to,

the impoundment, storage and demurrage fees and related expenses arising from, or

related to, the storage of the SS NOBSKA in the dry dock from, on or about June 17,

1996 to the present, at the Charleston Navy Yard which is owned and maintained by the

National Park Service.

       3.      That United States of America, including its past or present agents,

employees, divisions, departments or agencies, including but not limited to the United

States Park Service and the U.S. Department of the Interior, in exchange for the executed

Bill of Sale of the SS NOBSKA to the National Park Service, releases and discharges,

pursuant to 46 U.S.C. § 31343(c), any and all claimed damages in the form of a maritime

lien or otherwise against SS NOBSKA, *in rem*, and that the United States of America

hereby agrees to accept the execution of the Bill of Sale of SS NOBSKA, by the New

England Steamship Foundation, in full settlement and satisfaction of any and all claims

and demands it, its agents or assigns, may have against the SS NOBSKA and/or the New

England Steamship Foundation, as well as any of its past or present officers, directors,

agents, members, and/or employees, arising from, or related to, the impoundment, storage

and demurrage fees and related expenses arising from, or related to, the storage of the SS

NOBSKA in the dry dock from, on or about June 17, 1996 to the present, at the

Charleston Navy Yard which is owned and maintained by the National Park Service.

     4.     This agreement shall not constitute an admission of fault or liability on the

part of SS NOBSKA and/or the New England Steamship Foundation, or any of its past or

present officers, directors, members, agents and/or employees.

     5.     That in exchange for the executed Bill of Sale of SS NOBSKA by the New

England Steamship Foundation to the National Park Service, and contemporaneous with

the execution thereof, Plaintiff United States of America will file with the Clerk of the

above Court a dismissal of the above action, and discharge of any and all maritime liens

pursuant to 46 U.S.C. §31343(c), with prejudice.

3

6.      The signatories hereto also expressly agree that this document may be made public in its entirety and that, within the meaning of the Privacy Act, 5 U.S.C. § 552a(b), the signatories, on behalf of their respective clients, expressly consent to its release.

7.      Plaintiff United States of America, including its past and present agents, employees, divisions, departments or agencies, including but not limited to the United States Park Service and the U.S. Department of the Interior, hereby fully and forever releases any and all claims it or its agents or assigns, have or may hereafter acquire against the SS NOBSKA, *in rem*, and the New England Steamship Foundation, *in personam*, as well as any of its past or present officers, directors, agents, members, and/or employees, arising from, or related to, the impoundment, storage and demurrage fees and related expenses arising from, or related to, the storage of the SS NOBSKA in the dry dock from, on or about June 17, 1996 to the present, at the Charleston Navy Yard which is owned and maintained by the National Park Service.

Dated: November 3, 2005

4

SO STIPULATED AND AGREED ON BEHALF OF THE PARTIES BY:


DAVID BROUILLETTE
Boston National Historical Park
National Park Service
Charlestown Navy Yard
Boston, MA 02129-4543

Date _11/3/05_


WARREN R. HARTWELL
Chairman of the Board
New England Steamship Foundation
63 Union Street
New Bedford, MA 02740
(506) 999-1925

Date _11/3/05_

5

# EXHIBIT B

OMB APPROVED
2115-0110

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1340 (REV. 9-92) | BILL OF SALE | THIS SECTION FOR COAST GUARD USE ONLY |
|---|---|---|

| 1. VESSEL NAME S.S. NOBSKA | 2. OFFICIAL NUMBER OR HULL ID NUMBER 224501 | |
|---|---|---|

**3. NAME(S) AND ADDRESS(ES) OF SELLERS:**

New England Steamship Foundation
63 Union Street
New Bedford, MA 02740

RECORDED:

BOOK:                PAGE:

PORT (IF NOT FILING PORT)

3A. TOTAL INTEREST OWNED (IF LESS THAN 100%)          %

DOCUMENTATION OFFICER

**4. NAME(S) AND ADDRESS(ES) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH:**

United States of America ICO National Park Service
Boston National Historic Park
Charleston Navy Yard
Boston, MA 02129-4543

4A. TOTAL INTEREST TRANSFERRED (100% UNLESS OTHERWISE SPECIFIED)          %

4B. MANNER OF OWNERSHIP. UNLESS OTHERWISE STATED HEREIN, THIS BILL OF SALE CREATES A TENANCY IN COMMON, WITH EACH TENANT OWNING AN EQUAL UNDIVIDED INTEREST. CHECK ONLY ONE OF THE FOLLOWING BLOCKS TO SHOW ANOTHER FORM OF OWNERSHIP.

JOINT TENANCY WITH RIGHT OF SURVIVORSHIP ☐     TENANCY BY THE ENTIRETIES ☐     COMMUNITY PROPERTY ☐

OTHER (DESCRIBE)

5. CONSIDERATION RECEIVED: **Discharge of Maritime Lien and Dismissal of Case No. 05-10507, District of Massachusetts**
(ONE DOLLAR AND OTHER VALUABLE CONSIDERATION UNLESS OTHERWISE STATED)

6. I (WE) DO HEREBY SELL TO THE BUYER(S) NAMED ABOVE, THE RIGHT, TITLE AND INTEREST IDENTIFIED IN BLOCK 4 OF THIS BILL OF SALE, IN THE PROPORTION SPECIFIED HEREIN.
VESSEL IS SOLD FREE AND CLEAR OF ALL LIENS, MORTGAGES, AND OTHER ENCUMBRANCES OF ANY KIND AND NATURE, EXCEPT AS STATED ON THE REVERSE HEREOF. VESSEL IS SOLD TOGETHER WITH AN EQUAL INTEREST IN THE MASTS, BOWSPRIT, SAILS, BOATS, ANCHORS, CABLES, TACKLE, FURNITURE, AND ALL OTHER NECESSARIES THERETO APPERTAINING AND BELONGING, EXCEPT AS STATED ON THE REVERSE HEREOF.

| 7. SIGNATURES OF SELLER(S) OR PERSON(S) SIGNING ON BEHALF OF SELLER(S). *Warren R Hartwell* | 8. DATE SIGNED 11/3/05 |
|---|---|

9. NAME(S) OF PERSON(S) SIGNING ABOVE, AND LEGAL CAPACITY IN WHICH SIGNED (E.G., OWNER, AGENT, TRUSTEE, EXECUTOR)

Warren R. Hartwell, Chairman of the Board of Trustees of the New England Steamship Foundation

10. ACKNOWLEDGMENT (TO BE COMPLETED BY NOTARY PUBLIC OR OTHER OFFICIAL AUTHORIZED BY A LAW OF A STATE OR THE UNITED STATES TO TAKE OATHS.)

ON *November 3, 2005* THE PERSON(S) NAMED IN SECTION 9          STATE: *Rhode Island*

(DATE)          ABOVE ACKNOWLEDGED EXECUTION OF THE FOREGOING INSTRUMENT          COUNTY: *Providence*
IN THEIR STATED CAPACITY(IES) FOR THE PURPOSE THEREIN CONTAINED.

NOTARY PUBLIC *Wendy R Novak*

WENDY R. NOVAK
MY COMMISSION EXPIRES 05/30/09    11/3/05
(DATE)

(COMPLETE THIS SECTION ONLY IF VESSEL HAS NEVER BEEN DOCUMENTED AND DOES NOT HAVE A HULL IDENTIFICATION NUMBER.)

VESSEL DATA

A. BUILDER                                    B. BUILDER'S HULL NUMBER

C. FORMER NAME(S)                             D.  FORMER MOTORBOAT NUMBERS

E.  FORMER ALIEN REGISTRATIONS _____

F.  DIMENSIONS: L=                 B=                          D=

G.  PERSON FROM WHOM SELLER OBTAINED VESSEL _____

_____
SIGNATURE OF SELLER

## WARRANTIES/APPURTENANCES/LIMITATIONS/EXCEPTIONS

## INSTRUCTIONS

1. INDICATE CURRENT DOCUMENTED NAME.  (IF VESSEL HAS NEVER BEEN DOCUMENTED SELLER MUST COMPLETE AND SIGN DATA SECTION ABOVE.)
2. INDICATE OFFICIAL NUMBER AWARDED TO VESSEL OR HULL IDENTIFICATION NUMBER ASSIGNED BY MANUFACTURER.  (IF THE VESSEL HAS NO HULL IDENTIFICATION NUMBER AND HAS NEVER BEEN DOCUMENTED, SELLER MUST COMPLETE AND SIGN THE VESSEL DATA SECTION ABOVE.)
3. INSERT NAMES AND ADDRESSES OF ALL PERSONS SELLING VESSEL, ALONG WITH TOTAL INTEREST OWNED BY THOSE PERSON.S  IF MORE ROOM IS NEEDED, AN  ATTACHMENT MAY BE MADE SHOWING THE ADDRESSES OF THE SELLERS.
3A. SELF-EXPLANATORY.
4. INSERT NAMES AND ADDRESSES OF ALL BUYERS, ALONG WITH THE INTEREST TRANSFERRED TO EACH.  IF THERE IS MORE THAN ONE BUYER AND NO DIVISION OF INTEREST IS SHOWN, THIS BILL OF SALE WILL RESULT IN EACH BUYER HOLDING AN EQUAL INTEREST.  (IF MORE ROOM IS NEEDED, AN ATTACHMENT MAY BE MADE SHOWING THE ADDRESSES OF THE BUYERS.)
4A. SELF-EXPLANATORY.
4B. CHECK ONE OF THE BLOCKS TO CREATE A FORM OF OWNERSHIP OTHER THAN A TENANCY IN COMMON.  IF "OTHER" IS CHECKED, THE FORM OF OWNERSHIP MUST BE DESCRIBED.
5. OPTIONAL IF THE AMOUNT PAID FOR THE VESSEL IS INSERTED, IT WILL BE NOTED ON THE VESSEL'S GENERAL INDEX.
6. SELF-EXPLANATORY.  USE "REMARKS" SECTION ABOVE IF VESSEL IS NOT SOLD FREE AND CLEAR, OR TO LIST VESSEL APPURTENANCES WHICH ARE NOT SOLD WITH THE VESSEL.
7. SELF-EXPLANATORY.
8. SHOW THE DATE ON WHICH THE INSTRUMENT IS SIGNED.
9. IN ADDITION TO THE PRINTED OR TYPED NAME OF THE SIGNER, SHOW WHETHER THAT PERSON WAS ACTING AS AN OWNER, AS AN AGENT FOR AN OWNER, AS TRUSTEE, AS THE PERSONAL REPRESENTATIVE OR EXECUTOR OF AN ESTATE, OR OTHER CAPACITY WHICH ENTITLED THAT PERSON TO SIGN THE BILL OF SALE.
10. ANY ACKNOWLEDGMENT IN SUBSTANTIAL COMPLIANCE WITH THE LAW OF THE STATE WHERE TAKEN MAY BE ATTACHED TO THIS INSTRUMENT IN LIEU OF THE PREPRINTED ACKNOWLEDGMENT.

## PRIVACY ACT STATEMENT

IN ACCORDANCE WITH 5 USC 552(A), THE FOLLOWING INFORMATION IS PROVIDED TO YOU WHEN SUPPLYING PERSONAL INFORMATION TO THE U.S. COAST GUARD.

1. AUTHORITY.  SOLICITATION OF THIS INFORMATION IS AUTHORIZED BY 46 USC, CHAPTER 313 AND 46 CFR, PART 67.

2. THE PRINCIPAL PURPOSES FOR WHICH THIS INSTRUMENT IS TO BE USED ARE:

   (A) TO PROVIDE A RECORD, AVAILABLE FOR PUBLIC INSPECTION AND COPYING, OF THE SALE OR OTHER CHANGE IN OWNERSHIP OF A VESSEL WHICH IS DOCUMENTED, WILL BE DOCUMENTED, OR HAS BEEN DOCUMENTED PURSUANT TO 46 USC, CHAPTER 121.
   (B) PLACEMENT OF THIS INSTRUMENT IN A BOOK FOR EXAMINATION BY GOVERNMENTAL AUTHORITIES AND MEMBERS OF THE GENERAL PUBLIC.

3. THE ROUTINE USE WHICH MAY BE MADE OF THIS INFORMATION INCLUDES DEVELOPMENT OF STATISTICAL DATA CONCERNING DOCUMENTED VESSELS.

4. DISCLOSURE OF THE INFORMATION REQUESTED ON THIS FORM IS VOLUNTARY.  HOWEVER, FAILURE TO PROVIDE THE INFORMATION COULD PRECLUDE FILING OF A BILL OF SALE AND DOCUMENTATION OF THE VESSEL NAMED HEREIN PURSUANT TO 46 USC, CHAPTER 121.  MOREOVER, BILLS OF SALE WHICH ARE NOT FILED ARE NOT DEEMED TO BE VALID AGAINST ANY PERSON EXCEPT THE GRANTOR OR A PERSON HAVING ACTUAL KNOWLEDGE OF THE SALE. (46 USC 31321(A)).

THE COAST GUARD ESTIMATES THAT THE AVERAGE BURDEN FOR THIS FORM IS 20 MINUTES.  YOU MAY SUBMIT ANY COMMENTS CONCERNING THE ACCURACY OF THIS BURDEN ESTIMATE OR MAKE SUGGESTIONS FOR REDUCING THE BURDEN TO:  COMMANDANT (G-MVI), U.S. COAST GUARD, WASHINGTON, DC 20593-0001 OR OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF INFORMATION AND REGULATORY AFFAIRS, ATTENTION: DESK OFFICER  FOR DOT/USCG, OLD EXECUTIVE OFFICE BUILDING, WASHINGTON, DC 20503.